Matthew E. Faler, Esq. (State Bar No. 243067)
Law Offices of Matthew E. Faler, P.C.
8840 Warner Ave., Ste 301
Fountain Valley, CA 92708
Tel: (714)465-4433/Fax: (714)842-2288
Email: mfaler@faler-law.com

Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In Re: | Case No.: 8:13-bk-19694 ES |
| | PLAN OF RE-ORGANIZATION |
| JEFFREY and PATRICIA JAMES | Date: TBD |
| | Time: TBD |
| Debtor, | Location: 411 W. 4th Street, Santa Ana, CA 92701 Crtm 5A |

  This plan of reorganization (the "Plan") under Chapter 11 of 11 U.S.C. Sections 101 et seq. provides for the restructuring of the debts of the above named debtor. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All creditors should refer to Articles I-IV of this plan for the precise treatment of their claims. A disclosure statement that provides additional information is being circulated with this Plan. The disclosure statement is explanatory only; the language used in the Plan is binding. **Your Rights May Be Affected. You should read these papers carefully and discuss them with your attorney if you have one.**

# Article I
## Treatment of Unclassified Claims

Pursuant to 11 U.S.C. 1123(a)(1), (i) administrative claims allowed under 11 U.S.C. 503(b) and entitled to priority under 11 U.S.C. 507(a)(2) (including claims of professionals, United States Trustee fees and post-petition domestic support obligations); (ii) involuntary gap period claims under 11 U.S.C. 507(a)(3); and (iii) priority tax claims under 11 U.S.C. 507(a)(8) are not classified and are not entitled to vote confirmation of the Plan.

### A. Professional Fees

The professional fees consist of any amounts owed to Debtors' counsel.  Counsel was paid $20,000 prior to the case being filed, and any additional fees will be determined via fee application to the court.  These fees are subject to court approval, and shall be paid on the effective date of the Plan or in a manner agreeable to Debtors and counsel.

### B. United States Trustee Fees

Debtors will pay all outstanding United States Trustee fees on or before the effective date of the Plan.

### C. Priority Tax Claims

**Internal Revenue Service:**

The Internal Revenue Service ("IRS") has a priority claim in the amount of $20,995.36.  The post-petition interest on this claim is non-dischargeable pursuant to *In re Artisan Woodworkers*, 204 F.3d 888, 891-892 (9th Cir. 2000).  This claim will be repaid in full including post-petition within 5-years of the effective date of the plan.  The post-petition, pre-confirmation rate shall be determined in accordance with 26 U.S.C. 6621(a)(2).   Further, the post-petition, pre-confirmation rate shall be computed in accordance with 26 U.S.C. 6621(a)(2).   The post-confirmation interest rate shall be the interest rate of 5.0% compounding monthly.

The payments will commence on November 1, 2014 and continue monthly until October 1, 2014 for a total of 48-payments. The amount to be repaid commencing on November 1, 2018 shall be $20,995.36 plus post-petition interest minus any credits received for payments or applied refunds prior to confirmation.

Upon completion of these payments, Debtors shall be discharged from any liability related to this claim. In order to ensure accurate crediting of payments, Debtors shall annotate payments as to this claim as "IRS Priority".

**Franchise Tax Board:**

The Franchise Tax Board ("FTB") has filed two priority claims in the amount of $2,848.41 and $29,004.51 for a total of $31,852.92. The post-petition interest on this claim is non-dischargeable pursuant to *In re Artisan Woodworkers*, 204 F.3d 888, 891-892 (9th Cir. 2000). This claim will be repaid in full including post-petition interest within 5-years of the effective date of the plan. The post-petition, pre-confirmation interest rate shall be 3.0% and the post confirmation interest rate shall be 3.0%. The interest shall compound monthly.

The payments will commence on November 1, 2014 and continue monthly until October 1, 2018 for a total of 48-payments. The amount to be repaid commencing on November 1, 2014 shall be $31,852.92 plus post-petition interest minus any credits received for payments or applied refunds prior to confirmation.

Upon completion of these payments, Debtors shall be discharged from any liability related to this claim. In order to ensure accurate crediting of payments, Debtors shall annotate payments as to this claim as "FTB Priority".

# Article II

## Classification and Treatment of Claims

**UNIMPAIRED CLAIMS**

**Class 1: Everbank Claim Secured by 21861 Ute Way, Lake Forest, CA 92630**

This claim is not impaired and accordingly is not being altered, changed or any way modified by the Plan. Debtors will maintain the monthly mortgage payment in accordance with the governing loan documents.

**IMPAIRED CLAIMS**

**Class 2: Secured Claim of the Internal Revenue Service**

The Internal Revenue Service holds a secured claim against all of Debtors' personal and real property located in Orange County, California in the amount as of the petition date of $272,338.87. This claim is entitled to pre-confirmation interest pursuant to 11 U.S.C. 506(b) and the interest to be used shall be the rate defined by 26 U.S.C. 6621(a)(2). The post-confirmation interest rate shall be the rate defined by 26 U.S.C. 6621(a)(2) for the month on the effective date of the Plan.

This claim will be paid in two parts - (1) on or before the effective date of the claim, Debtors will make a $250,000 payment to the IRS and (2) the balance of the claim shall be re-paid in equal monthly installments commencing on November 1, 2014 and ending on October 1, 2018 for a total of 48-months. Upon completion of these payments, Debtors shall be discharged from any liability related to this claim. In order to ensure accurate crediting of payments, Debtors shall annotate payments as to this claim as "IRS Secured".

Upon re-payment of this claim in full, the IRS shall execute the necessary documents to release the lien against the Debtors' property.

**Class 3: Secretary of Veteran Affairs of Washington, D.C. (the "VA") Claim Secured by 2404 Regal Park Lane, Austin, TX 78748**

This claim will be repaid as follows.  The amounts are estimates and does not include any charges allowable pursuant to 11 U.S.C. 506(b) or any credits for post-petition payments by the Debtors.  Therefore this total claim amount and monthly payment amount could change prior to the effective date of the Plan.

| | |
|---|---|
| Property Value | $225,000 |
| Secured Claim Amount | $171,604.27 |
| Interest Rate | 5.0% |
| Length of Re-payment | 30 years |
| Payment Interval | Monthly |
| Payment Start Date | November 1, 2014 |
| Payment End Date | October 1, 2044 |
| Monthly Payment | $921.21 |

The Debtors shall be responsible for ongoing payments for taxes and insurance.  Upon confirmation of the Plan, the VA or any servicer acting on its behalf shall send Debtor monthly statements reflecting the modified terms of the loan.  The VA shall waive any default and upon confirmation of the Plan the loan shall be deemed current and reported to any credit reporting agency as such.  All of other terms and conditions of the loan shall remain in effect.

The VA pursuant to 11 U.S.C. 506(b) is entitled to post-petition interest, fees, and costs per applicable state law.  The post-petition, pre-confirmation interest rate will be 4.0%.  The full allowed amount as of the effective date shall be the amount filed in the proof of claim, plus any fees or

charges allowed by the governing loan documents and applicable state law, and minus any post-petition payments made by the Debtors to the VA.

If the VA claims any fees or charges (not already included in its proof of claim), it shall amend its proof of claim on or before the effective date to reflect any of these additional charges, after which, the Debtors shall have 30-days to file any objection to these charges. On the effective date of the Plan, the Debtors shall file with the court and serve upon the VA what it has calculated the full allowed amount of its secured claim, and shall repay that amount according to above-mentioned terms.

**Class 4: Secured Claims of JP Morgan Chase**

**Class 4(a): JP Morgan Chase Secured Claim, Proof of Claim #13**

This claim is secured by the Aliso Viejo Property pursuant to a security instrument recorded on September 12, 2000. The amount of the claim as of the petition date is $54,582.62.

| Property Value | $586,000 |
| --- | --- |
| Secured Claim Amount | $54,582.62 |
| Interest Rate | 4.5% |
| Length of Re-payment | 30 years |
| Payment Interval | Monthly |
| Payment Start | November 1, 2014 |
| Payment End | October 1, 2018 |
| Monthly Payment | $276.56 |

The Debtor shall be responsible for ongoing payments for taxes and insurance. Upon confirmation of the Plan, JP Morgan Chase shall send Debtor monthly statements reflecting the

modified terms of the loan. JP Morgan Chase shall waive any default and upon confirmation of the Plan the loan shall be deemed current and reported to any credit reporting agency as such. All of other terms and conditions of the loan shall remain in effect.

JP Morgan Chase pursuant to 11 U.S.C. 506(b) is entitled to post-petition interest, fees, and costs per applicable state law. The post-petition, pre-confirmation interest rate will be 4.0%. The full allowed amount as of the effective date shall be the amount filed in the proof of claim, plus any fees or charges allowed by the governing loan documents and applicable state law, and minus any post-petition payments made by the Debtors to the JP Morgan Chase.

If JP Morgan Chase claims any fees or charges (not already included in its proof of claim), it shall amend its proof of claim on or before the effective date to reflect any of these additional charges, after which, the Debtors shall have 30-days to file any objection to these charges. On the effective date of the Plan, the Debtors shall file with the court and serve upon JP Morgan Chase what it has calculated the full allowed amount of its secured claim, and shall repay that amount according to above-mentioned terms.

**Class 4(b): JP Morgan Chase Secured Claim, Proof of Claim #12**

This claim is secured by the Aliso Viejo Property pursuant to a security instrument recorded on September 12, 2001. The amount of the claim as of the petition date is $228,913.68.

| Property Value | $586,000 |
|---|---|
| Secured Claim Amount | $228,913.68 |
| Interest Rate | 4.5% |
| Length of Re-payment | 30 years |
| Payment Interval | Monthly |

| Payment Start | November 1, 2014 |
|---|---|
| Payment End | October 1, 2014 |
| Monthly Payment | $1,159.87 |

The Debtor shall be responsible for ongoing payments for taxes and insurance. Upon confirmation of the Plan, JP Morgan Chase shall send Debtor monthly statements reflecting the modified terms of the loan. JP Morgan Chase shall waive any default and upon confirmation of the Plan the loan shall be deemed current and reported to any credit reporting agency as such. All of other terms and conditions of the loan shall remain in effect.

JP Morgan Chase pursuant to 11 U.S.C. 506(b) is entitled to post-petition interest, fees, and costs per applicable state law. The post-petition interest rate will be 4.0%. The full allowed amount as of the effective date shall be the amount filed in the proof of claim, plus any fees or charges allowed by the governing loan documents and applicable state law, and minus any post-petition payments made by the Debtors to the JP Morgan Chase.

If JP Morgan Chase claims any fees or charges (not already included in its proof of claim), it shall amend its proof of claim on or before the effective date to reflect any of these additional charges, after which, the Debtors shall have 30-days to file any objection to these charges. On the effective date of the Plan, the Debtors shall file with the court and serve upon JP Morgan Chase what it has calculated the full allowed amount of its secured claim, and shall repay that amount according to above-mentioned terms.

**Class 5: General Unsecured Claims**

The total amount of claims in this class is $65,636.98. These claims will be repaid in quarterly installments commencing on January 15, 2015 and continuing every three months until

October 15, 2019.  The quarterly payment will total $3,281.85.  Each creditor in this class will get paid 100% of its claim.  Attached as Exhibit "A" is a chart detailing the allowed amount for each creditor and a chart showing when the quarterly payments will be made.

## Article III
## Allowance and Disallowance of Claims

### A.  Disputed Claims

A disputed claim is a claim that has not been allowed or disallowed and as to which either (i) a proof of claim has been file or deemed filed and the Debtor or other interested party has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

### B.  Delayed Distribution on Disputed Claims

No distribution will be made on account of disputed claim unless that claim is allowed by a final non-appealable order.

### C.  Settlement of Disputed Claims

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV
## Executory Contracts and Unexpired Leases

Debtor does not have any executory contracts or unexpired leases.

## Article V
## Means of Implementation

The plan will be funded through the funds on hand as of the effective date of the Plan and Debtors' post-petition income.

## Discharge and Other Effects of Confirmation

### A. Discharge

Upon completion of the plan payments to the unsecured creditors the Debtor will receive a final decree and discharge of all pre-confirmation debts whether or not the creditor files a proof of claim, accepts the plan, or has its claim allowed except as provided in 1141 of the Bankruptcy code. Such discharge will not discharge Debtor from any debts that are non-dischargeable per 11 U.S.C. 523(a).

### B. Vesting of Property

On the Effective Date, all property of the estate will vest in the re-organized debtor pursuant to 1141(b) of the Bankruptcy Code, free and clear of all claims and interests except as provided for in the Plan.

### C. Plan Creates New Obligations

The payments promised in the plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the effective date.

### D. Creditor Action Restrained

Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the plan, so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the plan, then affected creditors may (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan, or (ii) move to dismiss this case or to convert this case to a Chapter 7.

### E. Material Default Defined

If Debtor fails to make any payment required under the Plan or to perform any obligations required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney a notice of default. The Debtor is in Material Default if the Debtor fails within 21-days service of the notice (i) cure such default or (ii) or obtain from the Court an extension of time to cure the default or receive a determination that no default occurred.

### F. Retention of Jurisdiction

This court will retain jurisdiction until all Plan Payments have been made.

## Article VII
## General Provisions

### A. Definitions and Rules of Construction

The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the code are used in the Plan.

### B. Effective Date of the Plan

The Effective Date of the Plan is November 1, 2014. If a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

### C. Severability

If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effected of any other provision of the Plan.

### D. Cramdown

Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors pursuant to Section 1129(b) of the Bankruptcy Code.

### E. Binding Effect

The rights and obligations of any entity named or referred to in this Plan will be binding upon and inure to the benefit of the successors or assigns of such entity.

### F.  Captions

The headings contained in this Plan are for convenience of references and do not affect the meaning or interpretation of the Plan.

### G.  Controlling Effect

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

### H.  Final Decree

Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree at an earlier date if requested or for cause shown.

### I.  Miscellaneous

Debtor may file a request that the court enter a final decree and close the case upon proof by Debtor of substantial consummation as defined in 11 U.S.C. 1102(2) and 350. If requested upon motion, the court also has the discretion under 11 U.S.C. 1141(d)(5)(b) to enter a discharge exclusive of payments required under the Plan.

### J.  Attorneys Fees

In the event, the Debtor brings an action in any court of competent jurisdiction to enforce any provision of the Plan, the Debtor shall be entitled to reasonable attorneys fees and costs of bringing such an action.

Dated: June 24, 2014

By: ___/s/ Matthew E. Faler_____

Matthew E. Faler

By: _____

Jeffrey James

By: _____

Patricia James

Encl: Exhibit "A" – General Unsecured Claims

     Exhibit "B" - Ballot

EXHIBIT "A"

| Creditor | POC # | Amount | Quarterly Payment Amount |
|---|---|---|---|
| Resurgent Capital Services | 10 | $305.89 | $15.29 |
| Portfolio Recovery Associates, LLC | 7 | $2,301.18 | $115.06 |
| Coachella Valley Collection Services | 8 | $170.88 | $8.54 |
| Coachella Valley Collection Services | 9 | $6,248.33 | $312.42 |
| Franchise Tax Board | 2 | $1,485.36 | $74.27 |
| Franchise Tax Board | 3 | $55,125.34 | $2,756.27 |
| Total | | $65,636.98 | $3,281.85 |

| Date | Amount |
|---|---|
| 1/15/2015 | $3,281.85 |
| 4/15/2015 | $3,281.85 |
| 7/15/2015 | $3,281.85 |
| 10/15/2015 | $3,281.85 |
| 1/15/2016 | $3,281.85 |
| 4/15/2016 | $3,281.85 |
| 7/15/2016 | $3,281.85 |
| 10/15/2016 | $3,281.85 |
| 1/15/2017 | $3,281.85 |
| 4/15/2017 | $3,281.85 |
| 7/15/2017 | $3,281.85 |
| 10/15/2017 | $3,281.85 |
| 1/15/2018 | $3,281.85 |
| 4/15/2018 | $3,281.85 |
| 7/15/2018 | $3,281.85 |
| 10/15/2018 | $3,281.85 |
| 1/15/2019 | $3,281.85 |
| 4/15/2019 | $3,281.85 |
| 7/15/2019 | $3,281.85 |
| 10/15/2019 | $3,281.85 |

EXHIBIT "B"

- 15 -

Official Form 14
(12/03)

# BALLOT FOR ACCEPTING OR REJECTING
# PLAN OF REORGANIZATION

### CLASS [     ] BALLOT FOR ACCEPTING OR REJECTING PLAN OF REORGANIZATION

Jeffrey and Patrica James (the "Debtors") filed a plan of reorganization dated June 24, 2014  (the "Plan") for the Debtor in this case. The Court has approved a disclosure statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Debtors' counsel.   Court approval of the disclosure statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ____ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Debtors' counsel on or before _____, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a Class [       ] claim against the Debtor in the unpaid amount of Dollars ($          )

(Check one box only)
☐ ACCEPTS THE PLAN                              ☐ REJECTS THE PLAN

Dated: _____

Print or type name: _____

Signature: _____

Title (if corporation or partnership) _____
Address: _____
_____
_____

RETURN THIS BALLOT TO:
**Matthew E. Faler**
**8840 Warner Ave., Suite 301**
**Fountain Valley, CA 92708**
**Fountain Valley, CA**
**92708-0000**
**Fax: (714) 842-2288**